IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **COURTLAND BISHOP, et. al.,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 06-CV-404 |
| | : | |
| v. | : | |
| | : | **JUDGE MARBLEY** |
| **OAKSTONE ACADEMY, et al.,** | : | |
| | : | Magistrate Judge King |
| Defendants. | | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Ohio Department of Education's ("Defendant" or "ODE") Motion for Summary Judgment on Count IV of Plaintiffs' Amended Complaint. Count IV is the only count that pertains to Defendant. In a separate motion, the remaining defendants moved to dismiss Counts I, II, III, V, VI, and VII of the Amended Complaint.

For the reasons stated herein, Defendant's Motion for Summary Judgment on Count IV of Plaintiffs' Amended Complaint is **GRANTED**.

**II. FACTS**

Worthington School District placed C.B. ("Minor Plaintiff") at Oakstone Academy as a result of his identification as a child with disabilities under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. §1400 *et seq.*, in 2002. At the time of his placement, Minor Plaintiff was three years of age. Minor Plaintiff's parents placed his non-disabled twin brother at Oakstone Academy to serve as a peer model. During Minor Plaintiff's time at Oakstone Academy, the

1

Worthington School District payed for his tuition.

Defendant the Ohio State University Children's Center for Developmental Enrichment ("CCDE") is a private, non-profit organization that is organized under Ohio law for charitable and educational purposes. Oakstone Academy is a name registered by CCDE which describes the portion of CCDE's business which operates a private school.[1] Oakstone Academy's purpose is to "provide services for enhancing the lives if children with Autism Spectrum Disorder and their families."[2]

Minor Plaintiff attended Oakstone Academy from 2002 until 2005. On or about April 26, 2005, C.B. was diagnosed with a form of autism, and CCDE prepared an Individualized Education Plan ("IEP") to deal with his educational needs. Agents of CCDE, Worthington School District, and Minor Plaintiff's parents all signed the IEP. C.B.'s parents also received a copy of the "parent notice of procedural safeguards."

Oakstone Academy provided educational services to C.B. pursuant to the IEP until on or about August 25, 2005, when Oakstone Academy allegedly expelled C.B. after his mother "questioned" his classroom assignment. Minor Plaintiff's parents later withdrew his brother from Oakstone Academy.

On October 25, 2005 Plaintiffs filed a Complaint Notice and Request for Due Process Hearing with the ODE. Plaintiff alleges that all notices regarding the hearing indicated that the only parties to the hearing would be Plaintiffs and Worthington School District. Prior to the

---

[1] Ohio Secretary of State Number 13344440 (Document Number 20022500812)

[2] Articles of Incorporation of CCDE, Ohio Secretary of State Number 1079920 (Document Number 199914702680)

hearing, Plaintiffs withdrew this complaint and hearing request. Instead, Plaintiffs Courtland and Michelle Bishop, individually and as next friends of Minor Plaintiff, filed this action.

In Count IV of their Amended Complaint, Plaintiffs claim that Defendant ODE failed to take any reasonable steps to ensure that Minor Plaintiff was given the rights and protection afforded to him by the Individuals with Disabilities Act, 20 U.S.C. §1400 *et seq.* ("IDEA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 504.

Defendant ODE has moved to for summary judgment on Count IV, Plaintiffs have filed an opposition, and ODE has filed a reply. As such, this motion is ripe for decision.

### III. STANDARD OF REVIEW

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Vatrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). In response, the nonmoving party must present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the nonmoving party).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations ... but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex, 477 U.S. at 324; Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1995).[3]

### IV. LAW and ARGUMENT

Defendant asserts that it is entitled to summary judgment because Plaintiffs failed to exhaust their administrative remedies before bringing this action.

It is well settled that a plaintiff must exhaust administrative remedies before bringing suit to obtain relief that is available under the IDEA.  20 U.S.C. §1415(1); *Doe v. Smith*, 879 F.2d 1340, 1343 (6th Cir. 1989); *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989).   The IDEA specifically provides for a due process hearing and a subsequent appeal at the state agency level.  20 U.S.C. §1415(f),(g).

Moreover, Plaintiff may not avoid the exhaustion requirement of the IDEA by also stating claims under the Rehabilitation Act or bringing suit for money damages under 42 U.S.C. §1983 if the Plaintiff's claims are also actionable under the IDEA. *Cordrey v. Exkert,* 917 F.3d,

---

[3]This Court notes, however, that in an IDEA case where no right to a jury trial exists, a district court is allowed to engage in fact finding.  *See, e.g., M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006).  However, since this case involves claims other than those raised purely under the IDEA, this Court shall ere on the side of caution and apply the traditional summary judgment standard.

4

1460, 1475-76 (6th Cir. 1990); *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 122 (2d Cir. 2004) (holding that the plaintiff's "claims under § 504 of Rehabilitation Act and § 1983, both of which sought to ensure free appropriate public education that was also available under IDEA, were both subject to IDEA exhaustion requirement"); *Covington v. Knox Sch. Sys.*, 205 F.3d 912, 916 (6th Cir. 2000).

The law clearly prohibits Plaintiffs from proceeding with Count IV of their Amended Complaint unless they have first exhausted their administrative remedies. Plaintiffs withdrew their request for a due process hearing and pursued no other administrative remedies before bringing this action. Thus, Plaintiffs failed to exhaust their administrative remedies as the IDEA requires.

Plaintiffs do not dispute that the IDEA requires that they exhaust their administrative remedies before they seek redress in this Court. Nor do they dispute that they failed to exhaust these remedies. Rather, they assert that pursuit of administrative remedies would have been futile in this case, and as such, the IDEA's exhaustion requirement should be waived.

Exhaustion of administrative remedies is not required if they would be futile or inadequate to protect a plaintiff's rights. *Honig v. Doe*, 484 U.S. 305 (1988); *Covington*, 205 F.3d at 917. The burden of establishing the futility or inadequacy of the administrative remedies rests on the party seeking to bypass them. *Honig*, 484 U.S. at 327. Mere speculation at the futility or procedural deficiencies of a proposed administrative proceeding is not enough to satisfy this burden. *M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1159 (11th Cir. 2006).

Plaintiffs claim that the due process hearing would have been futile because it would not have provided any remedies in regard to Plaintiffs' claims against Oakstone Academy, which

5

was not a party to the hearing.[4]

Plaintiffs fail to show how the absence of Oakstone Academy from the due process hearing would render the administrative process futile. In his petition for a due process hearing, Minor Plaintiff requested placement in a pre-kindergarten class at Oakstone Academy or placement in a half-day class at Worthington with specialized therapy, an additional aide to be provided to assist Minor Plaintiff in his transition to his new placement, and remedial services until a placement was made. In summary, Minor Plaintiff requested that Worthington take specific actions such that he would receive what he felt was a free and appropriate public education under his IEP.

Further, Plaintiffs do not demonstrate how Oakstone Academy's absence would preclude Minor Plaintiff from obtaining this exact relief.[5] One of Plaintiff's requested alternatives was to have Minor Plaintiff placed a half day program at Worthington; Oakstone Academy need not have been a party to the administrative hearing for Worthington to have fulfilled this request. Moreover, in an IDEA action, a plaintiff's remedy is against the local school district who made the placement, not against the private school itself. *Ullmo v. Glmour Academy*, 273 F.3d. 671, 679 (6th Cir. 2001). A private school that receives federal funds for "general education purposes, as opposed to funds provided under the IDEA for disability education" cannot be sued under the IDEA. *Id.* In this case, Plaintiffs fail to assert that Oakstone Academy received

---

[4]When Plaintiffs withdrew from the administrative process, they did not state that they were doing so because Oakstone Academy was not a party. Rather, they cited "unforeseen medical issues" and reserved their right to refile within the statute of limitations.

[5]Nor is there any evidence on the record that shows that Plaintiffs even requested that Oakstone Academy be made a party to the hearing before they instituted this action.

federal funds specifically for disability education.  As such, Plaintiff cannot sustain a claim under the IDEA against Oakstone Academy.  The Court recognizes, however, that allowing private institutions to escape liability under the IDEA simply because they are not public entities gives less protections to students with disabilities.  These students, however, may redress their grievances with private schools by filing either contracts claims or claims under 42 U.S.C. § 1983.

Plaintiffs fail to persuade this Court that the absence of Oakstone Academy from the administrative hearings prevents them from obtaining the relief they requested.  In fact, it was Worthington who placed Minor Plaintiff at Oakstone Academy in the first place.  A Hearing Officer has broad discretion in granting relief at a due process hearing.  Nothing in the record illustrates how a Hearing Officer would be prevented from granting Plaintiffs the requested relief.  While Oakstone Academy is not an actionable party under the IDEA, given its contractual relationship with Worthington, it is possible, if not plausible, for the Hearing Officer to fashion a remedy that involves Minor Plaintiff's renewed placement at Oakstone Academy.  Plaintiffs mere conclusory argument to the contrary cannot exempt them from the exhaustion requirements of the IDEA.  Moreover, appropriate relief is not necessarily what the grievant requests: "a statutory exhaustion requirement means that a party must exhaust all available avenues of administrative review regardless of whether the administrative process offers the particular type of relief that is being sought."  *Frazier v. Fairhaven Sch. Committee*, 276 F.3d 52, 62 (1st Cir. 2002).

Plaintiffs' reliance on *Covington v. Knox Sch. Sys.*, 205 F.3d 912 (6th Cir. 2000) is misplaced.  In *Covington*, the court found that it would be futile for a plaintiff to exhaust

administrative remedies before bringing a claim under 42 U.S.C. §1983 because he had already graduated and therefore the "condition creating the damages ha[d] ceased." *Covington*, 205 F.3d at 918. In this case, Plaintiff is six years old and has not graduated. Moreover, the condition creating the purported damage, the alleged misapplication of the IEP, has not ceased. Simply put, *Covington* is not factually analogous to this case.

Plaintiffs further argue that they should be exempted from the exhaustion requirement of the IDEA because exhausting their administrative remedies would further deprive Minor Plaintiff of his right to an education.

Section 1415(j) of the IDEA contains a "stay-put provision." This provision provides that during the pendency of any proceeding under the IDEA, "the child shall remain in the then current educational placement." *Honig*, 484 U.S. at 323 citing 20 U.S.C. § 1415(e)(3).[6] Minor Plaintiff argues that this stay-put provision puts him in a "Catch-22." Specifically, he alleges that the stay-put provision envisions that Minor Plaintiff stay at Oakstone Academy. He further alleges that the absence of Oakstone Academy from the due process proceedings forced him to choose between having no educational placement during the proceedings, or dropping his due process request and pursuing educational placement elsewhere.

In making this argument, Plaintiffs fails to cite precedent supporting their position and misinterprets the intent of the stay-put provision. Congress designed the stay-put provision to prevent school systems from excluding disabled children during the pendency of administrative proceedings, not vice versa. *See Honig*, 484 U.S. at 324-25. Nothing in the language of the IDEA prevents Minor Plaintiff from obtaining alternate placement during the pendency of

---

[6]*Honig* was decided in 1988; the current stay-put provision is in 20 U.S.C. § 1415(j).

administrative hearings. Moreover, if Worthington or Oakstone Academy did in fact preclude Minor Plaintiff from attending Oakstone Academy during the short window between his alleged expulsion and the scheduled due process hearing, he could have requested injunctive relief from the court ordering Oakstone Academy to continue to educate him. As such, Plaintiffs' "Catch-22" argument does not exempt them from the exhaustion requirement of the IDEA.

Lastly, Plaintiffs argue, without citing any authority, that since they are seeking "structural, systemic" reform, they are not required to exhaust their administrative remedies under the IDEA. In *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 113 (2d Cir. 2004), the court reviewed several cases in which the court held that it was proper to excuse "exhaustion of administrative remedies in cases that include allegations of systemic violations." Each case, however, involved allegations of systemic violations of the IDEA or structural concerns with the educational system. This case involves neither. Plaintiffs are suing Defendants because of a particularized concern regarding the alleged mishandling of Minor Plaintiff's individualized IEP, not because of some systemic or structural concern with the education of handicapped children in the state. Plaintiffs request relief that is specific to Minor Plaintiff and not consistent with Plaintiffs' assertion that they are seeking systemic reform. As such, Plaintiffs' argument that they should be exempted from the IDEA's exhaustion requirement because they are seeking structural reform fails.

Exhaustion of administrative remedies "allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their

9

educational programs for disabled children." *Attica*, 386 F.3d at 112.  Thus, it is a very important requirement of the IDEA.

Plaintiffs failed to exhaust their administrative remedies.  Additionally, Plaintiffs have failed to delineate any persuasive reasons why they should be exempted from this requirement.  Therefore, this Court **GRANTS** Defendant's Motion for Summary Judgment as to Count IV of the Amended Complaint.

## V. CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** Defendant's Motion for Summary Judgment.  The Court notes, however, that Plaintiffs may refile for a due process hearing within the applicable statute of limitations.

**IT IS SO ORDERED.**

      s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: February 27, 2007**