IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **COURTLAND BISHOP,** *et al.,* | : | |
| | : | |
| Plaintiffs, | : | Case No. C2-06-404 |
| | : | |
| *v.* | : | |
| | : | JUDGE MARBLEY |
| **OAKSTONE ACADEMY,** *et al.,* | : | |
| | : | MAGISTRATE JUDGE KING |
| Defendants. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Remaining State Law Claims, counts V and VI of Plaintiffs' complaint for breach of contract and tortious interference with contract, for lack of pendent jurisdiction  For the reasons stated herein, Defendants' Motion is **GRANTED.**

**II. FACTS**

Defendant Worthington School District ("Worthington") placed Plaintiff C.B. ("Minor Plaintiff") at Defendant Oakstone Academy ("Oakstone") after he was identified as a child with disabilities under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, in 2002.  At the time of his placement, Minor Plaintiff was three years old.  Minor Plaintiff's parents placed his non-disabled twin brother at Oakstone to serve as a peer model. During Minor Plaintiff's time at Oakstone, Worthington paid for his tuition.

Defendant Ohio State University Children's Center for Developmental Enrichment ("CCDE") is a private, non-profit organization that is organized under Ohio law for charitable and educational purposes.  Oakstone is a name registered by CCDE which describes the portion

of CCDE's business which operates a private school. Oakstone's purpose is to "provide services for enhancing the lives if children with Autism Spectrum Disorder and their families."

Minor Plaintiff attended Oakstone from 2002 until 2005. On or about April 26, 2005, C.B. was diagnosed with a form of autism, and CCDE prepared an Individualized Education Plan ("IEP") to address his educational needs. Agents of CCDE, Worthington, and Minor Plaintiff's parents all signed the IEP. C.B.'s parents also received a copy of the "parent notice of procedural safeguards."

Oakstone provided educational services to C.B. pursuant to the IEP until on or about August 25, 2005, when Oakstone allegedly expelled C.B. after his mother "questioned" his classroom assignment. Minor Plaintiff's parents later withdrew C.B.'s brother from Oakstone.

On October 25, 2005 Plaintiffs filed a Complaint Notice and Request for Due Process Hearing with the ODE. Plaintiff alleges that all notices regarding the hearing indicated that the only parties to the hearing would be Plaintiffs and Worthington. Prior to the hearing, Plaintiffs withdrew this complaint and hearing request. Instead, Plaintiffs Courtland and Michelle Bishop, individually and as next friends of Minor Plaintiff, filed this action.

Plaintiffs originally claimed that, as a result of Minor Plaintiff's alleged expulsion from Oakstone, Defendants abridged four federal laws: 1) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 504; 2) the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA"); 3) the Individuals with Disabilities Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"); and 4) 42 U.S.C. § 1983. Plaintiffs also claimed that Defendants are liable for breach of contract and tortious interference with contract under Ohio state law. Plaintiffs further claim that C.B. suffered academic, social and sensory regression, emotional distress, economic and emotional damages

2

and loss of parental and filial consortium entitling Plaintiffs to compensatory and punitive damages.

### III. STANDARD OF REVIEW

To exercise jurisdiction over state-law claims, the Court must rely on pendent jurisdiction. Supplement or pendent jurisdiction over a state-law claim exists when "the relationship between [a federal] claim and the pendent state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). While the Supreme Court recognized that "[n]eedless decisions of state law should be avoided as a matter of comity," it also found that there may be "situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." *Id.* at 726-27. Supplemental jurisdiction is, thus, a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As the Supreme Court noted in *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997), the Judicial Improvements Act of 1990 codified the Court's jurisprudence on pendent jurisdiction, and statutory authority for supplemental jurisdiction is now found at 28 U.S.C. § 1367.[1]

The Sixth Circuit has elaborated a test for pendent jurisdiction. To exercise pendent jurisdiction over state-law claims: (1) the federal claim must have substance sufficient to confer

---

[1] Defendants rely on 28 U.S.C. § 1367(c)(3) which states that "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – the district court has dismissed all claims over which it has original jurisdiction."

subject matter jurisdiction on the court; (2) the state and federal claims must derive from a common nucleus of operative fact; and (3) the plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding. *Transcontinental Leasing, Inc. v. Michigan Nat'l. Bank*, 738 F.2d 163, 165–66 (6th Cir. 1984).

The Sixth Circuit has "adopted the position that the district courts have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial," *Province v. Cleveland Press Publ'g Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986), but also has found that "the overwhelming interests in judicial economy may still allow a district court to properly exercise its discretion and decide a pendent state law claim" even after federal claims have been dismissed. *Id.*; *see, also, Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992) ("Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits").

## IV. LAW AND ANALYSIS

Defendants aver that this Court does not have the power to retain jurisdiction over the remaining state law claims because there is not an "overwhelming interest" in judicial economy as described in *Province*. The Sixth Circuit in *Province*, in deciding whether the interests of judicial economy militated in favor of retaining jurisdiction over a plaintiff's state law claims after the district court had dismissed all of plaintiff's federal claims, examined: (1) whether there was substantial similarity between the predicate factual findings necessary to the resolution of both the federal and state law claims; (2) the amount of resources and time already expended in federal court; and (3) the novelty or difficulty of the state law questions. *Province v. Cleveland*

*Press Pub. Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986).

The Court finds that this case is not the "unusual case" that enables the Court to have discretion to retain Plaintiffs' state law claims. First, the factual findings necessary for the resolution of the federal and state law claims in this case are quite different. While the claims stem from the same nucleus of operative fact, the factual findings to resolve Plaintiffs' federal claims different greatly from those that will be necessary to resolve the state law contract and tort claims. The Court dismissed Plaintiffs' federal law claims pursuant to Fed. R. Civ. Pro. 12(B)(6) because Plaintiffs failed to exhaust their administrative remedies prior to bringing suit in federal court. On the other hand, Plaintiff's state law contract claims turn on whether minor Plaintiff's IEP constitutes a contract. Second, the amount of resources that the parties have expended is not overwhelming given that the Court has held only two status conferences and has dismissed the majority of Plaintiffs' claims prior to the summary judgment stage of litigation. On the whole, the interests of judicial economy are not so overwhelming that this Court should violate the traditional principle of dismissing pendent state law claims after their accompanying federal claims have been dismissed.

Moreover, given that the Court dismissed Plaintiffs' federal claims under Rule 12(b)(6), Plaintiffs cannot satisfy the first prong of the *Transcontinental* test. The Sixth Circuit has stated that "when a case is dismissed for failure to state a federal claim, as in *Gaff*[2], the federal claim

---

[2] The *Gaff* court noted that "the Second Circuit has gone so far as to state that 'the retention of jurisdiction for trial of a pendent state law claim on the basis of a federal question claim already disposed of by a Rule 12(b)(6) motion would be an abuse of discretion absent unusual circumstances.' Nolan v. Meyer, 520 F.2d 1276, 1280 (2d Cir.), cert. denied, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975). While we find it unnecessary to adopt this rule of operation at this time, we nevertheless conclude that there is insufficient reason in the instant case to depart from the general rule disfavoring the exercise of pendent jurisdiction under these

does not have substance sufficient to confer subject matter jurisdiction in federal court."

*Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1413 (6th Cir. 1991).  Following this rule, the Court may not exercise pendent jurisdiction in this case.

### V. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Claims V and VI is **GRANTED**.  This case is dismissed.

**IT IS SO ORDERED.**

       s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: May 23, 2007**

---

circumstances."  *Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987).